

April 15, 2025

**VIA ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
  for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

     Re:   *NetChoice v. Fitch*, No. 24-60341 (5th Cir.) (arg. Feb. 4, 2025)
             Letter Under Fed. R. App. P. 28(j)

Dear Mr. Cayce:

    NetChoice invokes *NetChoice, LLC v. Griffin*, No. 5:23-cv-5105 (W.D. Ark. Mar. 31, 2025), for eight points. Letter 1-2 (CA5 Dkt. 96-1). To the extent that those points apply here, the State already refuted them. State Br. 20-30 (standing), 31-34 (facial analysis), 34-46 (First Amendment), 46-49 (vagueness); Reply Br. 3-25 (all those points); State 28(j) *Paxton* Letter 1-2 (CA5 Dkt. 89-1) (facial analysis).

    The State emphasizes four points. *First*, on standing, *Griffin* just adopts (in one analysis-free paragraph) its preliminary-injunction-stage standing analysis, which Arkansas did not "attempt to rebut." Op. 16. The State here has detailed why that analysis is flawed: it defies Supreme Court precedent and would give billions of people third-party standing. State Br. 28-29. Those points stand unrebutted by *Griffin*.

    *Second*, *Griffin* fails to apply the legally and factually demanding analysis that governs facial claims. Op. 16-18, 33-34. *Griffin*'s approach is irreconcilable with *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024)

1

(*see* State Br. 31-34), and with this Court's decision applying *Moody* in *NetChoice, LLC v. Paxton*, 121 F.4th 494 (5th Cir. 2024) (*see* State 28(j) *Paxton* Letter 1-2). *Moody* and *Paxton* show that the preliminary injunction here cannot stand and that NetChoice cannot obtain such relief without developing an extensive factual record.

*Third*, *Griffin*'s First Amendment ruling rests on the view that the Arkansas law before it is a content-based regulation of speech. Op. 19-34. That is not true of the Mississippi Act here: it regulates non-expressive conduct. State Br. 34-46. That distinguishes this case from Supreme Court cases (such as *Reno*, *Ashcroft*, *Brown*, *Sable*, *Playboy*, and *Reed*) invalidating various laws using strict scrutiny. *All* those laws *regulated speech* and did so *based on its content*. The Act here does neither.

*Fourth*, whatever *Griffin* may say about vagueness, Op. 34-40, it cannot help NetChoice here. In this case NetChoice has conceded that, based on the Act's coverage definition, the Act regulates several named NetChoice members and does not regulate some other members. That defeats any claim that the Act is facially vague. State Br. 48-49.

    Respectfully submitted,

    /s/ Scott G. Stewart

    Scott G. Stewart
      *Solicitor General*
    Justin L. Matheny
    Anthony M. Shults
      *Deputy Solicitors General*
    Wilson D. Minor
      *Special Assistant Attorney General*
    MISSISSIPPI ATTORNEY
      GENERAL'S OFFICE
    P.O. Box 220
    Jackson, MS 39205-0220
    Telephone: (601) 359-3680
    E-mail: scott.stewart@ago.ms.gov

    *Counsel for Defendant-Appellant*

cc: All counsel of record via ECF